**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

WILLOWRIDGE TOWNHOME CONDOMINIUMS

    Plaintiff,

v

United National Insurance Company a/k/a CGB Insurance Company a/k/a United National Insurance Company of America a/k/a City National Insurance Company

    Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

    COMES NOW PLAINTIFF, Willowridge Townhome Condominiums, by and through its attorneys, Speights and Worrich, LLC, and Complains against the above-named Defendant as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Willowridge Townhome Condominiums is a citizen and domicile of Arapahoe County in the State of Colorado.

2. Upon information and belief, Defendant, United National Insurance Company a/k/a CGB Insurance Company is a foreign corporation organized under the laws of Indiana, with its principal place of business located at 1811 North Main Street, Mt. Vernon, IL 47620, and is authorized to do business in Colorado. Upon information and belief, Defendant, United National Insurance Company a/k/a United National Insurance Company of America is an insurance company organized under the laws of Indiana and is authorized to do business in Colorado. Upon information and belief, Defendant, United National Insurance Company a/k/a City National Insurance Company is a foreign corporation organized under the laws of Texas, with its principal place of business located at 1900 L. Don Dodson Dr., Bedford, TX 76021, and is authorized to do business in Colorado.

3. Jurisdiction exists on the basis of diversity of citizenship, as complete diversity of citizenship between the parties exists as required by 28 U.S.C. §1332. Additionally, the amount in controversy, less interest and costs, exceeds $75,000.00.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the allegations occurred in this division.

## GENERAL ALLEGATIONS

5. United National Insurance Company a/k/a CGB Insurance Company a/k/a United National Insurance Company of America a/k/a City National Insurance Company (hereinafter "Defendant") issued Policy Number MP1012487 (hereinafter the "Policy") to Willowridge Townhome Condominiums (hereinafter "Plaintiff") insuring property located at 12900 East Pacific Circle, Units 101-102-103-104-105-201—832.8, Aurora, CO 80014 (hereinafter the "Property") on the date of the fire.

6. The Policy is a commercial insurance policy that covers, inter alia, all risks of direct physical loss or damage to the home located at the Property, including property damaged by fire.

7. On or about April 3, 2016, a fire began at Plaintiff's Property causing it damage. More specifically, the fire damaged Units 104 and 105 of the Property.

8. Plaintiff filed a claim for benefits with Defendant and Defendant issued claim number 16011207 related to this fire.

9. On or about April 7, 2016, Defendant inspected Plaintiff's Property and issued its estimate with a replacement cost value (hereinafter "RCV") of $41,613.11.

10. On or about June 21, 2016, Defendant had Knott Laboratory, LLC inspected Unit 104 and Unit 105 of the Property. The inspection was for fire damage to the roof framing in order to provide repair documents to return the structure to a pre-loss condition.

11. On or about June 27, 2016, Defendant inspected Plaintiff's Property and issued another estimate, this time with an RCV of $63,402.97.

12. On or about July 27, 2016, Defendant inspected Plaintiff's Property and issued another estimate, this time with an RCV of $74,184.67.

13. In August 2016, Plaintiff received some proposals back from contractors. Plaintiff noticed that there were line items missing from Defendant's July 27, 2016, estimate as well as noticed that there was no overhead and profit accounted for and followed up with Defendant about this.

14. On or about September 1, 2016, Defendant inspected Plaintiff's Property and issued another estimate, this time with an RCV of $79,533.50.

15. On or about September 14, 2016, Defendant inspected Plaintiff's Property and issued another estimate, this time with an RCV of $88,206.88.

16. On or about January 18, 2017, Defendant inspected Plaintiff's Property and issued another estimate, this time with an RCV of $87,710.69.

17. Plaintiff retained the services of ServiceMaster Restoration by DSI (hereinafter "ServiceMaster") to help them complete the repairs that needed to be made to the Property. ServiceMaster prepared an estimate to complete the repairs with an RCV of $160,549.82.

18. ServiceMaster inspected the Property again on or about June 9, 2017, and provided an estimate with an RCV of $202,342.87.

19. On August 9, 2017, Plaintiff sent an email to Defendant advising that it had been waiting for close to a month for Defendant to either approve or just make a decision on the drywall that needed to be replaced. It also asked that Defendant provide an idea of when payment would be issued for the work that was completed.

20. On or about August 21, 2017, ServiceMaster provided an estimate of damages to the *interior* of the Property only with an RCV of $38,411.99.

21. On or about September 1, 2017, Defendant afforded coverage for the interior drywall and interior fixtures of the units damaged by the fire. This coverage determination was made nearly 17 months after the date of the fire.

22. In September 2017, Plaintiff hired Counsel to assist it with its claim. On September 19, 2017, Plaintiff provided Defendant with Counsel's letter of representation requesting, among other documents, a full copy of Plaintiff's declaration page(s) and policy form (including any applicable endorsements) that were in effect on April 3, 2016.

23. Robert Massaro of Global Indemnity Group responded to Counsel on October 10, 2017, advising that several payments had been made to Plaintiff totaling $132,758.87, and that the file remained open pending the status of a possible code upgrade claim associated with the loss. He included a blank Proof of Loss, which was to be signed by Plaintiff so that "United National Insurance will have a completed, and specific amount of loss or damage being sought."

24. Counsel for Plaintiff sent a letter on December 1, 2017, with invoices and materials from Plaintiff's contractor as well as photographs indicating the work being completed, up to, but not including drywall. Plaintiff requested that the recoverable depreciation be released so that Plaintiff's contractor could move forward with the interior work and finishes.

25. On or about December 14, 2017, Plaintiff's Counsel sent the Proof of Loss to Mr. Massaro as well as attaching supporting estimates from Plaintiff's contractor for all of the work covered by the Policy.

26. Mr. Massaro sent Plaintiff's Counsel a letter dated December 21, 2017, acknowledging receipt of both of Counsel's prior letters.  Mr. Massaro advised that Defendant was rejecting the Proof of Loss as the amount claimed was not in line with the figures associated with the loss, including the holdback amount and the possible code upgrade that was pending.  Mr. Massaro also would not release the depreciation until receiving proof that the code work and final repairs were complete.

27. As a consequence of Defendant's conduct in refusing to release the depreciation and delaying payment of amounts due and owing under the Policy, Plaintiff has incurred and continues to incur damages.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

28. Plaintiff incorporates paragraphs 1 through 26 of its Complaint as if fully set forth herein.

29. The Policy creates a contract of insurance.

30. Defendant has not paid for the benefits owed under the Policy as outlined in ServiceMaster's estimate.

31. By its actions, as described above, Defendant breached the contract of insurance.

32. As a direct and proximate result of said breach, the Plaintiff is entitled to damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

33. Plaintiff incorporates paragraphs 1 through 30 of its Complaint as if fully set forth herein.

34. Defendant owed duties to Plaintiff under the Policy's implied covenant of good faith and fair dealing, wherein it covenanted that it would, in good faith, and in the exercise of fair dealing, deal with Plaintiff fairly and honestly, faithfully perform its duties of representation, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's rights to receive the Policy's benefits.

35. Defendant acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

    a. Failing to properly investigate and evaluate Plaintiff's claims for Policy benefits;
    b. Failing to pay Plaintiff the full benefits owed under the Policy;
    c. Failing to pay amounts under the Policy in a timely manner;
    d. Failing to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims;
    e. Failure to give equal consideration to Plaintiff's rights and interests as it has given its own interests;
    f. Depriving Plaintiff of the benefits and protections of the contract of insurance;
    g. Compelling Plaintiff to institute litigation in order to recover amounts due under the Policy; and
    h. Other conduct to be revealed through discovery.

### THIRD CLAIM FOR RELIEF
### (Violation of C.R.S. §10-3-1115 and Relief Pursuant to §10-3-1116)

36. Plaintiff incorporates paragraphs 1 through 33 of its Complaint as if fully set forth herein.

37. C.R.S. §10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

38. Plaintiff is a first-party claimant under C.R.S. §10-3-1115.

39. Defendant has delayed resolution of Plaintiff's claim without a reasonable basis within the meaning of C.R.S. §10-3-1115. Defendant did so by failing to pay benefits owed under the policy and failing to make a full coverage determination until nearly 17 months after the fire.

40. C.R.S. §10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed by an insurer may bring an action in Colorado district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

41. Because Defendant's actions, as described above, violate C.R.S. §10-3-1115, Plaintiff brings this claim to recover their reasonable attorneys' fees and court costs and two times the covered benefit, as allowed under C.R.S. §10-3-1116.

WHEREFORE, Plaintiff Willowridge Townhome Condominium respectfully requests that judgment be entered in its favor and against Defendant United National

Insurance Company a/k/a CGB Insurance Company a/k/a United National Insurance Company of America a/k/a City National Insurance Company as follows:

    a. For compensatory damages, both economic and non-economic, in amounts to be proved at trial;
    b. For double damages pursuant to statute;
    c. For all prejudgment interest, statutory or moratory, and post-judgment interest allowed by law;
    d. For reasonable attorneys' fees and costs of suit herein; and
    e. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated this 21st day of March, 2018.

                                                Respectfully submitted,

                                                SPEIGHTS & WORRICH LLC

                                                By:   */s/ David Roth*
                                                          David Roth, #44800
                                                          Andrew M. Newcomb, #37032
                                                          Jennifer Milne, #46286
                                                          Samuel F. Mitchell, #51253
                                                          2149 South Holly Street, Suite 105
                                                          Denver, CO  80222
                                                          (303) 662-8082
                                                          david@speightsfirm.com
                                                          andrew@speightsfirm.com
                                                          Jennifer@speightsfirm.com
                                                          sam@speightsfirm.com


                                                ATTORNEYS FOR PLAINTIFF
                                                WILLOWRIDGE TOWNHOME
                                                CONDOMINIUMS